**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

——————————————————————— X

VLADIMIR KATSNELSON, individually

and on behalf of all others similarly situated,　　　　　**CIVIL ACTION**

　　　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　**CLASS ACTION COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　**AND**
　　　　　　vs.　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

MIDLAND CREDIT MANAGEMENT,
INC.,

　　　　　　　　　　　　Defendant.

———————————————————————X

　　　　Plaintiff Vladimir Katsnelson, (hereinafter referred to "Plaintiff") brings this action against Defendant Midland Credit Management, Inc. (hereinafter "Defendant" or "MCM"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge, as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Plaintiff is seeking damages and declaratory relief.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of New York.

6. Also, venue is also proper in this district under 28 U.S.C. §1391(b) in that Plaintiff resides

in Richmond County, New York.

## PARTIES

7. Plaintiff Vladimir Katsnelson is an individual who is citizen of the State of New York residing in Richmond County, New York.

8. Plaintiff is a natural person allegedly obligated to pay a debt.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) are allegedly obligated to pay some debts.

10. Upon information and belief, Defendant MCM's principal place of business is located at 350 Camino De La Reina, Suite 100, San Diego, California 92108 and their designated agent for service of process c/o Corporation Service Company is located at 80 State Street, Albany, New York 12207-2543.

11. Upon information and belief, Defendant MCM regularly collects or attempts to collect debts asserted to be owed to others.

12. Upon information and belief, Defendant MCM is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. Upon information and belief, the principal purpose of Defendant MCM 's business is the collection of such debts.

14. Upon information and belief, Defendant MCM uses the mail, telephone, and facsimile in its debt collection business.

15. Defendant MCM is a "debt collector" as defined by 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## THE FDCPA

16. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

17. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to

invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices" 15 U.S.C. §§ 1692(b) & (c).

18. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

19. To determine if an act or omission has violated the FDCPA, the Second Circuit applies the "least sophisticated consumer" standard. *Avila v. Reixinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016).

20. The least sophisticated consumer is an objective standard designed to protect "consumers, even the naive and the trusting, against deceptive debt collection practices." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

21. Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009).

22. A collection notice can be misleading "if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Avila*, 817 F.3d at 75 (citing *Clomon*, 988 F.2d at 1319).

23. Also, "a debt collector's written communication to a debtor violates the FDCPA if it is 'reasonably susceptible to an inaccurate reading' of the required message." *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 37-38 (E.D.N.Y. 2009) (quoting *Russell*, 74 F.3d, 30, 34 (2d Cir. 1996)).

24. Further, circumstances of the particular debtor in question have no bearing to the questions of whether there has been a violation of the FDCPA. See *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008). Likewise, the plaintiff consumer's actions or inaction in response to a

communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

25. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against the debt collector. *Id.*

26. Finally, it is well-established that for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole. *Campagna v. Client Servs.*, 2019 U.S. Dist. LEXIS 208164, *13, 2019 WL 6498171. *See Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d, 128, 132 (E.D.N.Y 2007); *see also Eger v. Southwest Credit Sys., L.P.*, No. 17-cv-819, 2019 U.S. Dist. LEXIS 62657, 20191574802, 4 (E.D.N.Y. Apr. 11, 2019).

27. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16).

## ALLEGATIONS

28.  Some time prior to October 2, 2020, a purported debt was incurred to Citibank, NA ("the debt").

29. Plaintiff's alleged debt arose out of transaction in which money, property, insurance or services, which are the subject of the transaction, are primary for personal, family or household purposes, and are therefore a "debt" as defined by 15 U.S.C §1692a(5).

30. At an exact time known only to Defendant, the alleged debts were assigned or otherwise transferred to Defendant for collection.

31. In its efforts to collect the alleged debt, Defendant MCM contacted Plaintiff by letter (the Letter") dated November 1, 2020. (A true and accurate copy is annexed hereto as "**Exhibit A**").

32. Defendant's letter to Plaintiff is "communication" as defined by 15 U.S.C. § 1692a(2).

33. Defendant's letter to Plaintiff was received and read by Plaintiff.

34. The letter stated an outstanding balance of $3,388.00.

35. The letter stated in part: "Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings abd this dent behind you…"

36. This statement was immediately followed by three (3) different payment options:

"Option 1: 10% OFF                              You Pay Only $3,049.20

Option 2: 5% OFF                                6 Monthly Payments of Only $536.43

Option 3: Monthly Payments As Low As:   $50 per month"

37. Upon reading the above statements, the Plaintiff, as would any least sophisticated consumer, feel uncertain as to the option 3.

38. The third option provided by Defendant is not adequately explained and could result in two (2) different possible interpretations.

39. First, the least sophisticated consumer could construe option 3 to be an option where a discounted amount is being paid in monthly payments of $50.00 per month.

40. Second, the least sophisticated consumer could construe option 3 to be an option where monthly payments of $50.00 would be made until the debt is paid off, and therefore option 3 is not an offer of discount.

41. By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive, and misleading.

42. Defendant's misleading offer of Option 3 as a "discount program" is material in that the least sophisticated consumer would be influenced by an offer of a discount in making choices about how to pay his/her debts. The least sophisticated consumer would prioritize paying off debts that he/she believed offered a discount over other outstanding debts.

43. As such, Defendant's statement is false, deceptive, and misleading.

44. Defendant's conduct harmed Plaintiff.

45. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**

**Violations of 15 U.S.C. §§ 1692e**

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from false, deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

48. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

50. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

51. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

52. Defendant violated §1692e:

    a. Upon plain reading of the letter by the least sophisticated consumer, it is open to more than one reasonable interpretations, as least one of which is inaccurate.

    b. By making a false and misleading representation in violation §1692e(10).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

**CLASS ALLEGATIONS**

54. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

55. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

56. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

57. The Class consists of more than thirty-five (35) persons.

58. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

59. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

60. Plaintiff will fairly and adequately protect and represent the interests of the Class.

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Vladimir Katsnelson, individually and on behalf of all others similarly situated, demand judgment from Defendant Midland Credit Management, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Caelyn T. Canace, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

5.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   January 12, 2021                          **LAW FIRM OF CAELYN T. CANACE**

*/s/ Caelyn T. Canace*
Caelyn T. Canace, Esq.
Office: 1701 Avenue P, Brooklyn, NY 11229
Mail: PO Box 414, Shoreham, NY 11786
Tel.: (646) 455-1011
Fax: (646) 676-4002
canacelawfirm@gmail.com
*Counsel for Plaintiff*